IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Burrows,<br><br>        Plaintiff,<br>  v.<br><br>Alucoil North Amercia, LLC, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-5378<br><br>**ORDER AND OPINION** |

    Before the Court is Plaintiff's motion for leave to amend his Complaint to join Fernando Munoz as a Defendant. (Dkt. No. 14). Defendant Alucoil North America, LLC ("Alucoil") opposes the motion. (Dkt. No. 15). Plaintiff replied. (Dkt. No. 16). For the reasons set forth below, Plaintiff's motion is denied.

    **I.**    **Background**

    Plaintiff's claims arise from an alleged incident that occurred on December 18, 2020 while Plaintiff was retrieving personal items from the worksite of his former employer, Alucoil. (Dkt. No. 14, ¶¶ 2-3). Plaintiff alleges that, in course retrieving his personal items at the invitation of Munoz, an Alucoil employee, Munoz "negligently operated [a] forklift and, in doing so, struck Plaintiff with the forklift and/or hooked improperly stored straps with the forklift causing Plaintiff to lose his footing, become airborne and strike the ground causing significant injuries." (*Id.*, ¶ 7). Plaintiff filled a Complaint in state court on August 29, 2023 naming Alucoil and "John Doe" as Defendants. (*Id.*, ¶ 10). Defendant Alucoil removed the case to federal court on October 26, 2023. (Dkt. No. 1). Plaintiff now seeks to amend his complaint to substitute Munoz as the proper Defendant in place of John Doe. (Dkt. No. 14). Defendant Alucoil opposes the motion, arguing

that amendment at this juncture is barred by the statute of limitations. (Dkt. No. 15) (citing S.C. Code § 15-3-530).

## II. Discussion

The Court denies Plaintiff's motion to amend because it is barred by the statute of limitations. The statute of limitations applicable to Plaintiff's claim is three years. S.C. Code § 15-3-530. Amendments to a complaint may be made outside of the statute of limitations period where the amendment "relates back" to the date of the original pleading as provided by Fed. R. Civ. P. 15(c). The relevant provision of the Rule provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Fed. R. Civ. P. 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Rule 15(c) is not satisfied here because Plaintiff seeks to add Munoz based on a purported lack of knowledge of his identity at the time of filing his initial complaint. *See Land v. Green Tree Servicing, LLC*, 140 F. Supp. 3d 539, 546 (D.S.C. 2015) ("[P]laintiffs should not be permitted to amend their complaint to remove the John Doe defendants and substitute real parties, because their lack of knowledge of the proper defendants is not considered a "mistake" under Rule 15(c)(3)."). "[T]he weight of federal case law hold[s] that the substitution of named parties for "John Doe" defendants does not constitute a mistake pursuant to Rule 15(c)(3)." *Locklear v. Bergman & Beving AB*, 457 F.3d 363 (4th Cir. 2006). Because the statute of limitations expired on December 20, 2023 and Plaintiff did not seek to substitute Munoz as a Defendant until January 24, 2025, the Court denies Plaintiff's motion to amend his Complaint.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

February 21, 2025  
Charleston, South Carolina